# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RAMON BOYCE,

       Petitioner,       :      Case No. 3:12-cv-285

                                 :      District Judge Timothy S. Black
    -vs-                                    Magistrate Judge Michael R. Merz

DEB TIMMERMAN-COOPER, Warden,

                                 :

       Respondent.

## ORDER TO SUPPLEMENT PETITION

Petitioner brought this action for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He was convicted in the Clark County Common Pleas Court of burglary and receiving stolen property and sentenced to eight years imprisonment, which he is serving in Respondent's custody.  He pleads the following Grounds for Relief:

> **Ground One:**  The defendant's appellate counsel was ineffective for failing to raise assignments of error in the Defendant's case that would have changed the outcome of Defendant's case, causing prejudice to the defendant.
>
> **Supporting Facts:**  Counsel failed to request transcripts for the case and the appeals court noted such and counsel failed to raise a claim in this case.
>
> **Ground Two:**  The Court of Appeals Second Appellate District abused its discretion when it denied the defendant's Application to reopen when the defendant demonstrated that his counsel was ineffective and demonstrated how the Defendant was prejudiced by counsels' deficiency.
>
> **Supporting Facts:**  In the defendant's case Judge Rastatter was bias [sic] in every aspect to ensure that the defendant was not given a fair trial.  This was exposed to the Second Appellat [sic] District

>and it was also mentioned that counsel in the case appointed for appeal was ineffective and relied on case law which the Second Appellat [sic] District refused to [illegible] law.  Yet the court of appeals would not allow the defendant to reopen appeal, causing a due process violation.
>
>**Ground Three:**  The Court of Appeals Second Appellate District abused its discretion when it denied the defendant's motion to retranscribe transcripts that the appeals court held the defendant accountable for not having.
>
>**Supporting Facts:**   The court of appeals held defendant accountable for not citing in the transcripts supported argument which caused a manifest injustice to the defendant resulting in prejudice.

(Petition, Doc. No. 1).

Boyce was convicted in a number of different cases and filed four direct appeals to the Second District Court of Appeals, Case Nos. 2009 CA 30, 2009 CA 31, 2009 CA 44, and 2009 CA 70.  Those cases were consolidated and together raised one assignment of error, to wit, that the trial court erred when it failed to consider concurrent sentences.  That assignment of error was overruled and the sentences affirmed in *State v. Boyce*, 2010 Ohio 2127 (Ohio App. 2nd Dist. May 14, 2010).  Boyce sought review in the Ohio Supreme Court, which declined to take the case *State v. Boyce*, 129 Ohio St. 3d 1454, 2011 Ohio 4217, 951 N.E.2d 1049, 2011 Ohio LEXIS 2026 (2011).  The Ohio Supreme Court reached that decision on August 24, 2011.  The instant Petition was filed August 23, 2012.  If the instant Petition were addressing any constitutional claims raised on direct appeal, it would be timely under the one-year statute of limitations adopted in the –Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA").

However, the instant Petition raises only claims related to Petitioner's Application to Reopen his direct appeal, both the underlying claims of ineffective assistance of appellate

counsel (Ground One) and claims related to the court of appeals handling of that Application (Grounds Two and Three).  The Petition includes the date of the court of appeals' decision on the 26(B) Application – April 19, 2011 (Petition, Doc. No. 1, ¶ 11(a)(6).  However, it does not include any indication of whether Petitioner appealed from that decision to the Ohio Supreme Court and, if he did, on what date that court rendered a decision.

It is accordingly ORDERED that Petitioner supplement the Petition not later than September 4, 2012, with an answer to the question whether Petitioner appealed from the 26(B) denial to the Ohio Supreme Court and, if he did, on what date that court rendered a decision.  If Petitioner has a copy available of any decision of the Ohio Supreme Court, he is respectfully requested to furnish a copy to this Court.

August 24, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge
