# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RAMON BOYCE,
:
      Petitioner,                                Case No. 3:12-cv-285

:         District Judge Timothy S. Black
   -vs-                              Magistrate Judge Michael R. Merz

DEB TIMMERMAN-COOPER, Warden,
:
      Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Respondent's Motion to Dismiss (Doc. No. 10), Petitioner's "Traverse and Objection to Motion to Dismiss" (Doc. No. 13), and Respondent's Reply to Petitioner's Traverse (Doc. No. 14).

Petitioner pleads the following Grounds for Relief:

> **Ground One:** The Defendant's appellate counsel was ineffective for failing to raise assignments of error in the Defendant's case that would have changed the outcome of Defendant's case causing prejudice to the defendant.
>
> **Supporting Facts:** Counsel failed to request transcripts for the case and the appeals court noted such and counsel failed to raise a claim in this case.
>
> **Ground Two:** The Court of Appeals Second Appellate District abused its discretion when it denied the defendant's Application to Reopen when the defendant demonstrated that his counsel was ineffective and demonstrated how the defendant was prejudiced by counsel's deficiency.
>
> **Supporting Facts:** In the defendant's case Judge Rastatter was bias [sic] in every aspect to ensure that the defendant was not given a fair trial.  This was exposed to the Second Appellate District and

1

> it was also mentioned that counsel in the case appointed for appeal was ineffective and relied on case law which the Second Appellate District refused to as bad law. Yet the court of appeals will not allow the defendant to reopen appeal causing a Due Process violation.
>
> **Ground Three:** The Court of Appeals Second Appellate District abused its discretion when it denied the defendant's motion to retranscribe transcripts that the appeals court held the defendant accountable for not having.
>
> **Supporting Facts:** The court of appeals held defendant accountable for not citing in the transcripts supported argument which caused a manifest injustice to the defendant resulting in prejudice.

(Petition, Doc. No. 1, PageID 4-5.)

Instead of filing an answer to the Petition, Respondent filed a Motion to Dismiss asserting that the Petition fails to state a claim upon which habeas corpus relief can be granted.[1] The Warden has also filed large relevant portions of the state court record in support of the Motion (Notice of Filing, Doc. No. 9).

Having read the motion papers of both parties, the Magistrate Judge concludes that Petitioner has essentially raised two claims for relief, to wit, (1) that he received ineffective assistance of appellate counsel in the various ways he argued to the Second District Court of Appeals and repeated to the Ohio Supreme Court and (2) that he was denied due process of law or equal protection of the laws when the Second District Court of Appeals denied his motion to re-transcribe transcripts. As a *pro se* litigant, Petitioner is entitled to a liberal construction of his pleadings. *Williams v. CSX Transportation Co., Inc.,* 643 F.3d 502, 510 (6th Cir. 2011) *citing Federal Exp. Corp. v. Holowecki,* 552 US. 389, 402 (1998); *see also, Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *McNeil v. United States,* 508

---

[1] The Court's Order for Answer permitted a response by way of motion to dismiss if warranted in the judgment of counsel for the Respondent.

U.S. 106, 113 (1993).  While the Petition as supplemented by the Traverse is far from clear, it is sufficiently clear that Respondent has been able to frame a cogent response and the Court is able to decide the case without obtaining a repleading from Petitioner.

Petitioner repeats in his Petition as grounds for relief exactly the same claims he made to the Ohio Supreme Court when appealing from denial of his Application to Reopen his direct appeal under Ohio R. App. P. 26(B).  (Compare Grounds for Relief quoted above with Propositions to Law in the Ohio Supreme Court reproduced at Notice of Filing, Doc. No. 9, PageID 371.)  Thus those claims have been exhausted in the state courts.

### Grounds One and Two:  Ineffective Assistance of Appellate Counsel

The Second District Court of Appeals decided the Application to Reopen which raised Boyce's ineffective assistance of appellate counsel claims.  All of the sub-claims were decided on the merits.[2]  When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).  This Court must apply that standard independently to each of the sub-claims of ineffective assistance of appellate counsel made in the Application to Reopen.

As the Second District Court of Appeals recognized (*State v. Boyce*, Nos. 2009 CA 30,

---

[2] In the alternative, the court of appeals also held Boyce's speedy trial claim had been procedurally defaulted by failure to order a transcript of the trial court hearing on that issue.

31, 44 & 70 (Ohio App. 2nd Dist. Apr. 19, 2011)(unreported; copy at Notice of Filing, Doc. No. 9, PageID 352-367; hereinafter "*Boyce* 26(B) Decision")), the governing standard for ineffective assistance of counsel was adopted by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984), recognized as governing law by the Ohio Supreme Court in *State v. Bradley*, 42 Ohio St. 3d 136 (1989).  That standard is:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland*, 466 U.S. at 687.

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . .  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

*Id.* at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

4

>proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

*Id.* at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

The *Strickland* test applies to appellate counsel, although effective assistance on appeal involves different tasks and strategic choices than at trial. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987). To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), *citing Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id*. *citing Wilson.* If a reasonable probability exists that the defendant would have prevailed had the claim been raised on appeal, the court still must consider whether the claim's merit was so compelling that the failure to raise it amounted to ineffective assistance of appellate counsel. *Id. citing Wilson.* The attorney need not advance every argument, regardless of merit, urged by the appellant. *Jones v. Barnes*, 463 U.S. 745, 751-752 (1983)("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues."). Effective appellate advocacy is rarely characterized by presenting every non-frivolous argument which can be made. *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003). *Williams v. Bagley,* 380 F.3d 932, 971 (6th Cir. 2004), *cert. denied,* 544 U.S. 1003 (2005); *see Smith v. Murray*, 477 U.S. 527 (1986). However, failure to raise even one issue can amount to ineffective assistance if that issue is a "dead bang" winner. *McFarland v. Yukins*, 356 F.3d 688 (6th Cir.

2004), *citing Joshua v. Dewitt,* 341 F.3d 430, 441 (6th Cir. 2003); *Lucas v. O'Dea*, 179 F.3d 412, 419 (6th Cir. 1999); and *Mapes v. Coyle,* 171 F.3d 408, 427-29 (6th Cir. 1999).

"In order to succeed on a claim of ineffective assistance of appellate counsel, a petitioner must show errors so serious that counsel was scarcely functioning as counsel at all and that those errors undermine the reliability of the defendant's convictions." *McMeans v. Brigano*, 228 F.3d 674(6th Cir. 2000), *citing Strickland* and *Rust v. Zent*, 17 F.3d 155, 161-62 (6th Cir. 1994). Counsel's failure to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal. *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004), *citing Greer v. Mitchell,* 264 F.3d 663, 676 (6th Cir. 2001), *cert. denied,* 535 U.S. 940 (2002). "Counsel's performance is strongly presumed to be effective." *McFarland, quoting Scott v. Mitchell*, 209 F.3d 854, 880 (6th Cir. 2000)(*citing Strickland*). "To prevail on a claim of ineffective assistance of appellate counsel, a petitioner must show that appellate counsel ignored issues [which] are clearly stronger than those presented." *Webb v. Mitchell,* 586 F.3d 383, 399 (6th Cir, 2009); *Smith v. Robbins*, 528 U.S. 259, 288 (2000), *quoting Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986).

The decision of the Second District Court of Appeals must be measured against the federal standards in *Strickland, supra*.

**Sub-claim One: Failure to Suppress All Evidence Against Boyce in Trial Court Case No. 05-CR-1114.**

In his first sub-claim, Boyce asserts that all of the evidence against him in the first case should have been suppressed and the case dismissed, on the basis of the court of appeals' decision on his first appeal in Case No. 05-CR-1114. In that appeal Boyce obtained a reversal of the trial court's denial of his motion to suppress. On remand, he pled guilty to three counts of

6

receiving stolen property and one count of tampering with evidence. *Boyce* 26(B) Decision at Notice of Filing, Doc. No. 9 PageID 354. On delayed appeal his counsel did not raise this assignment of error which is raised in the first sub-claim. The court of appeals held it was not ineffective assistance of appellate counsel to fail to raise this claim because "suppression of evidence obtained as a result of one unlawful encounter with the police does not require suppression of all evidence obtained in the investigation of a particular suspect unless it was obtained through exploitation of the illegal search or seizure. . . . and he is incorrect in his belief that an illegal search bars all subsequent investigation and prosecution of a suspect." *Id.* at PageID 355. Moreover, the court of appeals noted that Boyce had pled guilty and that such a plea waived arguments about suppression of evidence. *Id.* at 356.

This decision on the merits of sub-claim one was neither contrary to nor an objectively unreasonable application of relevant Supreme Court precedent. In particular with respect to the effect of a guilty plea, a guilty or no contest plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt. *Menna v. New York,* 423 U.S. 61 (1975). Federal habeas corpus review of claims raised by a petitioner who has entered a guilty plea is limited to "the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Tollett v. Henderson*, 411 U.S. 258, 266 (1973). A guilty plea bars a defendant from raising in federal habeas corpus such claims as the defendant's right to trial and the right to test the state's case against him. *McMann v. Richardson*, 397 U.S. 759 (1970).

Boyce's first sub-claim should be dismissed with prejudice on the merits.

**Sub-claim Two: Ineffective Assistance of Appellate Counsel for Failure to Enforce Speedy Trial Rights in Trial Court Case No. 05-CR-1114.**

In his second sub-claim related to the appeal in Case No. 05-CR-1114, Boyce complains that "appellate counsel did not argue that he had been denied his right to a speedy trial;" *Boyce* 26(B) Decision, Notice of Filing, Doc. No. 9, PageID 354. The Second District Court of Appeals decided this sub-claim was without merit because any violation of speedy trial rights was waived by the guilty plea and therefore it was not ineffective assistance of appellate counsel to fail to raise this meritless claim.

This decision is an objectively reasonable application of the Supreme Court precedent set forth as to the first sub-claim on the effect of a guilty plea. Boyce argues in his Traverse that his guilty plea was not intelligent, knowing, and voluntary, but he has never moved to set it aside on that or any other basis, at least so far as he has called it to this Court's attention.

**Sub-claim Three: Ineffective Assistance of Appellate Counsel for Failure to Complain of Seizure of Cash in Trial Court Case No. 05-CR-1114.**

In this sub-claim, Boyce argued that he received ineffective assistance of appellate counsel when his attorney did not complain on appeal that the trial court had seized money from him without due process by denying his motion for return of cash found on his person at the time of his arrest. *Boyce* 26(B) Decision, Notice of Filing, Doc. No. 9, PageID 356.

Although the court of appeals decided this claim on the merits, this Court cannot do so. Federal habeas corpus courts are limited to granting relief from unconstitutional **custody**. 28 U.S.C. § 2254(a). Petitioner Boyce is not, and does not claim to be, in custody as a result of this seizure of money. Rather, he claims the court of appeals erred in not letting him reopen the appeal so he could seek return of his money.

8

This sub-claim should be dismissed without prejudice as not cognizable in federal habeas corpus.

**Sub-claim Four: Ineffective Assistance of Appellate Counsel for Failure to Raise Violation of the Discovery Rules in Trial Court Case No. 08-CR-363.**

In his fourth sub-claim Boyce complains that his appellate counsel did not raise as an assignment of error what he claims were violations of the discovery rules by the trial court. *Boyce* 26(B) Decision, Notice of Filing, Doc. No. 9 at PageID 357. In support of this claim, Boyce advised the court of appeals that he had seen a court reporter "typ[ing] certain portions of the record for which no transcript was provided." The court of appeals held that the fact that not all recorded hearings were transcribed "did not in itself establish a discovery violation."

It is very unlikely that Boyce ever saw a court reporter typing any portion of the record. The usual method of making a record of court proceedings is to have a court reporter use machine stenography, a method by which a court reporter records proceedings in shorthand but on a machine. Typically, not all recorded proceedings are transcribed. Rather, when an appeal is taken or when the trial judge wishes to review a record of proceedings, the court reporter (or a transcriber who is capable of reading the particular reporter's machine shorthand notes) will create a transcript from those notes when directed to do so. This is what the court of appeals means when it refers to the obligation of the parties "to order the transcripts on which they intend to rely or supply the record in some other fashion." *Boyce* 26(B) Decision, Notice of Filing, Doc. No. 9 at PageID 357, *citing* Ohio R. App. P. 9.

Ohio R. Crim. P. 16 is the rule which provides for discovery in Ohio criminal cases. It does not require that a criminal defendant be supplied with a transcript of every proceeding that

occurs in a case. Indeed, the constitutional discovery obligation relates to exculpatory evidence and is an obligation of the prosecutor, not the trial court. *Brady v. Maryland*, 373 U.S. 83 (1963).[3]

Because there was no duty on the trial judge or his court reporter to provide a transcript of every proceeding, making that claim on appeal would have been fruitless. Therefore it was not an objectively unreasonable application of *Strickland, supra,* for the court of appeals to find no ineffective assistance of appellate counsel in appellate counsel's failure to make this claim.

**Sub-claim Five: Ineffective Assistance of Appellate Counsel in Failure to Raise Denial of Trial Counsel on Appeal Trial Court Case No. 08-CR-363.**

In his fifth sub-claim, Boyce asserted he was "forced to go to trial without a lawyer." *Boyce* 26(B) Decision, Notice of Filing, Doc. No. 9, at PageID 358. The court of appeals decided this sub-claim on the merits by noting that the Public Defender had moved to withdraw because Boyce's posting of $25,000 in bond money demonstrated that he was not indigent and therefore not entitled to appointed counsel. *Id.* Since the record did not include any evidence that Boyce was indigent, there was no showing that this would have been a successful assignment of error. *Id.* Furthermore, the court of appeals found Boyce exercised his constitutional right to represent himself. *Id.* at n. 2.

**Sub-claim Six: Ineffective Assistance of Appellate Counsel in Failing to Claim the Trial Court Prevented Trial Counsel from Researching Trial Court Case No. 08-CR-363.**

In his sixth sub-claim Boyce asserts his appellate counsel should have raised as an

---

[3] Boyce's claim that he was entitled to a transcript as a matter of due process or equal protection is dealt with in Ground Three below.

assignment of error that the trial court somehow prevented him or his attorney from "researching" his case. This sub-claim appears to have been as unintelligible to the court of appeals as it is to this Court. Boyce did not indicate to that court and does not indicate to this one what it was that Judge Rastatter did which prevented him from researching his case, whatever that means. Without more detail, the court of appeals' decision was not an objectively unreasonable application of *Strickland*.

**Sub-claim Seven: Ineffective Assistance of Appellate Counsel in Failing to Claim Denial of Speedy Trial Rights in Trial Court Case No. 08-CR-612.**

In his seventh sub-claim, Boyce contends his appellate counsel was ineffective in failing to raise both statutory and constitutional speedy trial claims. On this issue, the court of appeals found Boyce had failed to order a transcript of the hearing on the motion to dismiss. *Id.* at PageID 359. It also held there would have been no merit to the claim because Boyce was in jail on other convictions and therefore not entitled to the three-for-one credit for jail time provided by Ohio Revised Code § 2945.71.

In his Application to Reopen, Boyce stated as proposed assignment of error number two for appeal of Trial Court Case No. 05-CR-1114 only a failure to raise the constitutional speedy trial claim (Application to Reopen, Notice, Doc. No. 9, PageID 301-302.)

Boyce claims that this is one of the places where the court of appeals held against him the lack of a transcript which he complains of in Ground Three.

However, the alternative holding that Boyce was not entitled to the 3-for-1 credit is a decision on the merits. It could not have been ineffective assistance of appellate counsel to fail to make the claim if it would not have succeeded because of lack of a necessary factual

11

predicate, to wit, being held in jail in lieu of bond.  Boyce has made no showing that this is an objectively unreasonable application of *Strickland*.

**Sub-claims Eight and Nine:  Failure to Object on Appeal to the Use of Depositions in Trial Court Case No. 08-CR-612.**

In his eighth and ninth sub-claims, Boyce claims ineffective assistance of appellate counsel because his attorney did not complain on appeal of the use of depositions of Detective Jordan and Chris Setser at trial.  *Boyce* 26(B) Decision, Notice of Filing, Doc. No. 9, at PageID 359-360.  The court of appeals found there would have been no merit in such an assignment of error because there was nothing improper in the use of the depositions.  It cannot be ineffective assistance of appellate counsel to fail to raise a claim which would not have succeeded.  Therefore the merit decision by the court of appeals on these two sub-claims is not an objectively unreasonable application of *Strickland*.

**Sub-claim Ten:  Failure to Object on Appeal to Venue**

In his tenth sub-claim, Boyce complains of his appellate counsel's failure to object that venue had not been properly proved.  The court of appeals found from the record that a sufficient nexus with Clark County had been shown to establish that was proper venue for trial of the case.  *Boyce* 26(B) Decision, Notice of Filing, Doc. No. 9, at PageID 361.  Once again, if the omitted assignment of error had no merit, it cannot have been ineffective assistance of appellate counsel to have failed to raise it.

**Sub-claim Eleven:  Failure to Object on Appeal to Trial Judge Bias**

In his eleventh sub-claim, Boyce asserts Judge Rastatter was biased against him as demonstrated by the judge's treatment of one of the victim-witnesses.  The court of appeals concluded that the victim's testimony did not show that she had been directed in what she did by the police and therefore her treatment at trial did not show trial court bias.  *Boyce* 26(B) Decision, Notice of Filing, Doc. No. 9, at PageID 362.  Because no bias was shown, it cannot have been ineffective assistance of appellate counsel to have failed to raise this claim.

**Sub-claim Twelve:  Failure to Object on Appeal to Jury Instruction on Complicity**

In his twelfth sub-claim, Boyce asserts his appellate attorney should have pled as an assignment of error the giving of a jury instruction on complicity.  *Boyce* 26(B) Decision, Notice of Filing, Doc. No. 9, at PageID 362.  The court of appeals concluded that the instruction was not an abuse of discretion and that, in any event, giving it was at most harmless error.  *Id.* at PageID 363.  Because the assignment of error would have been meritless, it cannot have been ineffective assistance of appellate counsel to fail to raise it.

**Sub-claim Thirteen:  Failure to Assign Trial Counsel Ineffectiveness in Not Preventing a $10,000 Fine by Filing an Affidavit of Indigency**

In his last sub-claim, Boyce asserts his trial counsel should have filed an affidavit of indigency so as to avoid imposition of a fine and that failure to do so was ineffective assistance of trial counsel which should have been raised on appeal.  *Boyce* 26(B) Decision, Notice of

Filing, Doc. No. 9, at PageID 363.

For the reasons given with respect to Sub-claim Three, this claim is not cognizable in habeas corpus because the imposition of the fine has not resulted in Boyce's being in custody.

**Ground Three: Denial of Due Process and Equal Protection in Failing to Provide Transcripts**

In his Third Ground for Relief Boyce claims he was denied important constitutional rights when the court of appeals denied his Motion to Re-Transcribe and then held against him his failure to cite to the record. In the Petition he phrases this as an abuse of discretion by the court of appeals, which was an acceptable way to present the matter to the Ohio Supreme Court on appeal of denial of the 26(B) Application. In his Traverse, he recasts this is an argument under the Due Process and Equal Protection Clauses of the Fourteenth Amendment (Traverse, Doc. No. 13, PageID 524-529.)

Boyce very substantially overstates the right of a criminal defendant to transcripts. We start with the premise that there is no federal constitutional right to appeal criminal verdicts for error review. *McKane v. Durston*, 153 U.S. 684 (1894), cited as still good law in *Lopez v. Wilson,* 426 F.3d 339, 355 (6th Cir. 2005). "Due process does not require a State to provide appellate process at all." *Goeke v. Branch*, 514 U.S. 115, 120 (1995). Of course when it does provide a right to appeal, the State cannot discriminate against the poor by failing to provide the **necessary** transcript. *Griffin v. Illinois*, 351 U.S. 12 (1956). The key concept is "necessary" transcript for dealing with the issues presented on appeal.

On Boyce's first direct appeal, obviously whatever transcript was necessary was before the court of appeals because it granted relief, reversing denial of the motion to suppress and

remanding the case to the trial court. On the second direct appeal, which consolidated appeals of all four of Boyce's cases, the assignment of error was that the trial court improperly failed to consider concurrent sentences. No transcript of the trials was necessary for that appeal because the appeal did not involve matters which occurred at trial. Boyce now asserts, of course, that his appellate attorney was ineffective for failure to raise the above-recited sub-claims in that appeal and for failure to obtain transcripts which would have been necessary to support those omitted assignments of error.

In the court of appeals Boyce filed a Motion to Retranscribe Transcripts which reads in its entirety as follows:

> Now comes Defendant-Appellant Ramon Boyce pro se Respectfully requesting that this honorable Court order that the State retranscribe the defendant's transcripts fully so that the defendant-appellant may review the record and determine what best way to proceed[4] the court has already ordered that the defendant's old counsel Mark Bamberger, hand over the transcripts that he has control over [sic: run on sentence] this order was made on the 4th of June, 2010. However the defendant has an issue with what has been sent from Mr. Bamberger. Defendant has part of the record but most is missing. Memorandum in support attached hereto.

(Motion, Notice of Filing, Doc. No. 9, PageID 348.) Boyce then lists three documents from Case No. 05-CR-1114; twelve documents from Case No. 08-CR-363; and seventeen documents from Case No. 08-CR-612. Some of these appear to be transcripts of hearings (e.g., municipal court arraignments and preliminary hearings) while some of the requests appear to be for items which would have been in document form when filed (e.g., Notice of Appearance of Ronald Morris, Motion to Continue by defense dated 11-05-08). Among the items requested were new copies of the transcripts he had already received from Mr. Bamberger. The Memorandum concludes:

---

[4] This is written as a run-on sentence in the Motion. Boyce frequently writes in this manner throughout his papers.

> The defendant needs all of the above transcripts to proceed in his case [sic: run-on] the defendant would like to point out that none of this was used in his appeal and could have been. And now Defendant-Appellant Ramon Boyce, respectfully request[s] that this honorable court allow this information to be transmitted and delivered to the defendant at no cost.

*Id.* at PageID 350.

The court of appeals denied the Motion to Retranscribe in the same Decision and Entry in which it denied the Application to Reopen. *Boyce* 26(B) Decision, Notice of Filing (Doc. No. 9) at PageID 352-367. It had given Boyce an opportunity to explain the need for the "transcripts" and he had filed affidavits in response. *Id.* at PageID 365. The court found, however, that the "affidavits shed little light on how the transcripts would support his claims of ineffective assistance of counsel." The court gives several examples taken from the affidavits which do not show any need for the transcript or in fact any relation to any one of the sub-claims being presented in the Application to Reopen. *Id.* at PageID 366. The court concludes:

> Having thoroughly reviewed the claims in Boyce's motion and in his affidavits, we concluded that he has failed, in many instances, to establish that a transcript even exists. Where a transcript may exist or may be capable of being transcribed, Boyce has failed to state, with any specificity, how the transcript would establish a colorable claim of ineffective assistance of appellate counsel.

*Id.* at PageID 367.

Boyce insists that the court of appeals held against him the fact that he had not provided transcripts and then refused to obtain those transcripts for him. The only place the Magistrate Judge can find in the *Boyce* 26(B) Decision that a lack of transcript was held against Boyce is with respect to the alternative holding on the statutory speedy trial claim. The court of appeals wrote:

16

> A hearing was held on the motion to dismiss, and the trial court stated its reasons for denying the motion on the record. See Entry, April 14, 2009. Boyce did not order a transcript of this hearing, but he apparently believed that he was entitled to credit for three days for each day he awaited trial, because he was in jail. In the absence of a transcript, Boyce cannot demonstrate that the trial court erred or that the outcome of the case would have been different if appellate counsel had raised this issue.

*Id.* at PageID 359. This is one of the thirty-two items Boyce asked be "retranscribed": Item 13, Motion to Retranscribe, PageID 350. However, in his Traverse, Boyce has not pointed to or quoted from any place in his affidavits supporting the Motion to Retranscribe where he called to the court of appeals' attention the relevance of this one hearing to an ineffective assistance of appellate counsel claim he was making.

Importantly, the court of appeals did not rely solely on the absence of a transcript of the motion to dismiss hearing in deciding sub-claim seven. Instead, it noted that Ohio Revised Code § 2945.71 was not applicable because Boyce was not in jail in lieu of bond but because of his other convictions. *Boyce* 26(B) Decision, Notice of Filing, Doc. No. 9, at PageID 359. As noted above, that is a decision on the merits independent of any procedural default in providing a transcript. In his Traverse Boyce spends some time focusing on his speedy trial claim (Traverse, Doc. No. 13, PageID 529.) However, he never disputes the predicate of merits finding of the court of appeals, to wit, that Ohio Revised Code § 2945.71 did not apply because he was not in jail in lieu of bond.

Boyce points to no other place where the lack of a transcript was held against him by the court of appeals. His other purported example of his sub-claim relating to lack of discovery does not find any procedural default, but merely a misunderstanding by Boyce of how transcripts are prepared. (Traverse, Doc. No. 13, PageID 528.)

17

Boyce is mistaken in apparently believing that an indigent criminal defendant is constitutionally entitled to a copy of any part of the trial record he desires. The Supreme Court has held the State must provide a "record of sufficient completeness" to permit proper consideration of his claims. *Draper v. Washington*, 372 U.S. 487, 499 (1963), *quoting Coppedge v. United States,* 369 U.S. 438, 446 (1962). As to any missing portion of the record on appeal, a habeas petitioner must show he was prejudiced by the missing transcripts. *Bransford v. Brown*, 806 F.2d 83 (6th Cir. 1986). This Boyce has failed to do and his Third Ground for Relief is therefore without merit.

**Conclusion**

In accordance with the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that this Court certify to the Court of Appeals that any appeal would not be taken in objective good faith.

January 25, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ.

P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).